**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 20-3172 & 20-3173
_____

RICKY KAMDEM-OUAFFO,
                                        Appellant

v.

CAMPBELL SOUP CO and subsidiaries, "CAMPBELL'S";
TASK MANAGEMENT INC, "TASK"; DENISE M. MORRISON;
CARLOS J. BARROSO, Individual and Capacity With CAMPBELL'S;
SCOTT KELLER, Individual and In Capacity With CAMPBELL'S;
CARY HAYES, Individual and In Capacity With CAMPBELL'S;
STEFAN MOHAN, Individual and In Capacity With TASK;
CORIE HESS, Individual and In Capacity With TASK;
LINDA HARRISON, Individual and In Capacity With TASK;
DUANE MORRIS LLP, FIRM AND AFFILIATE OFFICES, "OM",
Individual and In Capacity With CAMPBELL'S;
JONATHAN D. WETCHLER, Individual and In Capacity With CAMPBELL'S;
TREVOR H. TANIGUCHI; MCELROY DEUTSCH MULVANEY & CARPENTER
LLP, "MDMC LLP", Individual and In Capacity With TASK;
BERNARD E. JACQUES, Individual and In Capacity With MDMC & TASK;
DAYNE R. JOHNSON, Individual and In Capacity With MDMC & TASK;
JOHN DOE; JANE DOE; ABC CORPORATION (1-10)
_____

RICKY KAMDEM-OUAFFO,
d/b/a KAMDEM GROUP,
                                        Appellant

v.

TASK MANAGEMENT INC, "TASK"; STEFAN MOHAN; LINDA HARRISON; CORIE
HESS; CAMPBELL'S SOUP COMPANY; JOHN DOE; JANE DOE; ABC CORPORATION
_____

On Appeal from the United States District Court

for the District of New Jersey
(D.C. Nos. 1:17-cv-07506; 1:18-cv-00298; 1:18-cv-13119)
District Judge: Honorable Noel L. Hillman

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on August 2, 2021

Before: GREENAWAY, JR., KRAUSE, and BIBAS Circuit Judges

(Opinion filed: November 30, 2021)

_____

OPINION[*]

_____

PER CURIAM

Ricky Kamdem-Ouaffo appeals pro se from orders of the District Court rejecting allegations that he was wrongfully terminated from his employment. For the following reasons, we will affirm.

In August 2017, Kamdem-Ouaffo entered an agreement with staffing service Task Management Inc. to work as an independent contractor for Campbell Soup Company. Shortly after he began working for Campbell Soup, Kamdem-Ouaffo was terminated. He then filed suit in the District Court against Campbell Soup, Task Management, and other defendants, alleging that he was let go in retaliation for filing lawsuits against previous employers. Kamdem-Ouaffo v. Task Management Inc., No. 17-cv-7506. Thereafter, Kamdem-Ouaffo filed three amended complaints, each in response to the District Court's

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

repeated notifications that his submissions failed to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

While waiting for the District Court to rule on his motion for leave to file a fourth amended complaint, Kamdem-Ouaffo filed a separate action that again was based on the termination of his employment. Kamdem-Ouaffo v. Campbell's Soup Co., No. 18-cv-298. The complaint, which in large part repeated the same claims against the same defendants, also named attorneys and law firms that represented Campbell Soup Company and Task Management. The defendants filed motions to dismiss, citing Federal Rules of Civil Procedure 8(a) and 12(b)(6). Kamdem-Ouaffo filed an amended complaint, which the defendants moved to strike.

In July 2018, the District Court consolidated the cases and ordered the parties to make all future filings in No. 18-cv-298. The District Court also held that Kamdem-Ouaffo could proceed with his retaliation claims against the Task Management defendants under Title VII of the Civil Rights Act of 1964 and the New Jersey Law Against Discrimination ("NJLAD"). But the District Court dismissed Kamdem-Ouaffo's other claims (some with prejudice and some without), denied his request for a preliminary injunction, struck the amended complaint, and addressed a series of other motions filed by the parties.[1]

---

[1] Kamdem-Ouaffo appealed. We affirmed the denial of the motions for preliminary injunctions and dismissed the balance of the appeal for lack of appellate jurisdiction. See Kamdem-Ouaffo v. Task Mgmt. Inc., 792 F. App'x 218 (3d Cir. 2019). In addition, we dismissed for lack of jurisdiction Kamdem-Ouaffo's appeal of a District Court order that administratively terminated the actions while we considered the denial of the preliminary injunction motions. See Kamdem-Ouaffo v. Campbell's Soup. Co., C.A. No. 19-2529 (order entered Feb. 11, 2020).

Kamdem-Ouaffo later initiated a third action by filing another complaint that named the same defendants and raised essentially the same claims. Kamdem-Ouaffo v. Campbell's Soup Co. and Subsidiaries, No. 18-cv-13119. On October 20, 2020, the District Court entered an order that finally disposed of all claims against all parties by: (1) consolidating the third action, No. 18-cv-13119, with No. 18-cv-298; (2) striking the complaint from the No. 18-cv-13119 action and denying Kamdem-Ouaffo's pending motions in that action, including a renewed motion for a preliminary injunction, as moot; (3) dismissing with prejudice all claims that were previously dismissed without prejudice; (4) granting Task Management's motion for summary judgment; and (5) denying Kamdem-Ouaffo's cross-motion for summary judgment and his motion for sanctions. Kamdem-Ouaffo appeals.[2]

We have jurisdiction pursuant to 28 U.S.C. § 1291. As is familiar, we construe pro se filings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). We review the District Court's dismissal of a complaint for failure to comply with the requirements of Rule 8 for an abuse of discretion. In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996). And we exercise de novo review over the District Court's order granting summary judgment.[3] See S.H. ex rel. Durrell v. Lower Merion Sch. Dist., 729 F.3d 248, 256 (3d Cir.

---

[2] Kamdem-Ouaffo filed two separate notices of appeal, which were docketed in this Court at C.A. Nos. 20-3172 and 20-3173. On January 4, 2021, the Clerk granted the Appellees' motion to consolidate C.A. Nos. 20-2172 and 20-2173 for all purposes.

[3] We also exercise de novo review of orders granting motions to dismiss. Davis v. Samuels, 962 F.3d 105, 111 n.2 (3d Cir. 2020). In his opening brief in C.A. No. 20-3172, Kamdem-Ouaffo argues that the District Court should have denied the motions to dismiss because "they were untimely and were in flagrant violation [of Federal Rule of Civil Procedure]

2013). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although "[w]e view the facts and draw all reasonable inferences in the non-movant's favor," we will conclude that "[a] disputed issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party." Resch v. Krapf's Coaches, Inc., 785 F.3d 869, 871 n.3 (3d Cir. 2015) (citation and quotation marks omitted).

The Federal Rules of Civil Procedure require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each averment must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Taken together," Rules 8(a) and 8(d)(1) "underscore the emphasis placed on clarity and brevity by the federal pleading rules." In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996). Kamdem-Ouaffo's amended complaint in No. 18-cv-298 consisted of 332 pages and 1200 paragraphs; the complaint in No. 18-cv-13119, which included an 11-page table of contents, totaled 343

---

12(a)(1)(A)(i)." Appellant's Br. 6. The defendants' motions to dismiss were not untimely, however. In No. 18-cv-298, the District Court directed the defendants to respond to the complaint by March 1, 2018. (ECF 9.) The Task Management defendants filed their motion to dismiss on February 28, 2018. (ECF 37.) The District Court granted the Campbell Soup defendants' motion for an extension of time (ECF 35), and they filed their motion to dismiss within the time permitted. (ECF 47.) Kamdem-Ouaffo does not otherwise challenge the order granting the motions to dismiss. Accordingly, we agree with the Campbell Soup appellees' unchallenged contention that Kamdem-Ouaffo has forfeited arguments as to the merits of the District Court's order granting the motions to dismiss. See M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020) (holding that claims were forfeited where appellant failed to raise them in her opening brief). We also conclude that Kamdem-Ouaffo has forfeited any challenge to the denial of his cross-motion for summary judgment by failing to challenge that ruling in his opening briefs. Id.

pages and more than 1250 paragraphs. Notably, those submissions followed orders granting leave to file amended complaints because of Rule 8 deficiencies. See Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (explaining that courts have power to dismiss a "prolix complaint" without leave to amend where such leave "has previously been given and the successive pleadings remain prolix and unintelligible"). Under these circumstances, we conclude that the District Court did not abuse its discretion in striking the amended complaint filed in No. 18-cv-298, and the complaint filed No. 18-cv-13119, for failure to comply with Rule 8.[4]

The District Court also properly granted summary judgment to the Task Management defendants on Kamdem-Ouaffo's retaliation claims under Title VII and the NJLAD.[5] Those claims are analyzed under the familiar burden-shifting framework established by McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). See Pamintuan v. Nanticoke Mem'l Hosp., 192 F.3d 378, 385-86 (3d Cir. 1999); Keller v. Orix Credit All., 130 F.3d 1101, 1114 n.5 (3d Cir. 1997) (en banc). To establish a prima facie case of retaliation under that framework, Kamdem-Ouaffo was required to show that: (1) he engaged in

---

[4] Kamdem-Ouaffo faults the District Court for dismissing the complaints without analyzing the factors applicable to punitive dismissals for failure to comply with a court order. See Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1994). There was no reason for the District Court to consider those factors in this case, however. The District Court did not sanction Kamdem-Ouaffo with dismissal. Instead, it permitted the filing of amended complaints.

[5] The District Court dismissed Kamdem-Ouaffo's retaliation claims against Campbell Soup on the basis that he failed to make a plausible allegation that anyone at the company had knowledge of his prior lawsuits. As noted above, see supra note 3, Kamdem-Ouaffo has not challenged that determination on appeal.

protected activity, (2) the defendants took adverse employment action against him, and (3) there was a causal connection between the protected activity and the adverse action. Moore v. City of Philadelphia, 461 F.3d 331, 340-42 (3d Cir. 2006); Budhun v. Reading Hosp. & Med. Ctr., 765 F.3d 245, 258 (3d Cir. 2014) (internal quotation marks and citation omitted).

In this case, the District Court properly concluded that Kamdem-Ouaffo cannot state a prima facie case of retaliation because the summary judgment record does not show a triable issue as to the existence of a causal link between his prior lawsuits and his termination. In support of their motion for summary judgment, the Task Management defendants submitted affidavits from two of its employees. Those employees explained that Campbell Soup made the decision to terminate Kamdem-Ouaffo and that Task Management was not aware of his prior lawsuits until after that decision had been made. Kamdem-Ouaffo failed to present evidence creating a material issue of fact indicating that anyone at Task Management had knowledge of his prior protected activity. See Ambrose v. Twp. of Robinson, 303 F.3d 488, 493 (3d Cir. 2002) (explaining that "[i]t is only intuitive that for protected conduct to be a substantial or motiving factor in a decision, the decisionmakers must be aware of the protected conduct"); Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 657 (4th Cir. 1998) (stating that plaintiff failed to establish prima facie case of discrimination where it was undisputed that relevant decisionmaker was unaware that the plaintiff had engaged in protected activities).

Finally, we also see no error in the District Court's discovery-related rulings. Kamdem-Ouaffo claims that the District Court improperly limited discovery based on his failure to comply with an order for the parties to conduct a conference under Federal Rule of Civil

7

Procedure 26(f).  But he has not specifically explained how further discovery would have supported his claims.  See Anderson v. Wachovia Mortg. Corp., 621 F.3d 261, 281 (3d Cir. 2010) (stating that "we … will not disturb [a discovery] order absent a showing of actual and substantial prejudice").  In addition, because we agree with the District Court that the lack of disclosure under Rule 26 was due to Kamdem-Ouaffo's refusal to participate in the conference, the District Court did not abuse its discretion in denying his motion for sanctions.  See Williams v. Morton, 343 F.3d 212, 222 (3d Cir. 2003) (holding that a district court's ruling on a discovery dispute is reviewed for abuse of discretion).

For the foregoing reasons, we will affirm the judgment of the District Court.[6]

---

[6] To the extent that Kamdem-Ouaffo asks us to revisit our decision affirming the denial of his request for preliminary injunctions, we decline to do so.  We also conclude that the District Court properly denied as moot Kamdem-Ouaffo's renewed motion for a preliminary injunction that he filed in No. 18-cv-13199.